IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOEL BAEZ, | : | CIVIL ACTION |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| DAVID DIGUGIELMO, et al., | : | NO. 10-1396 |
| Respondents. | : | |

**REPORT AND RECOMMENDATION**

LINDA K. CARACAPPA
UNITED STATES MAGISTRATE JUDGE

Now pending before this court is a petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2254, by a petitioner currently incarcerated in the State Correctional Institution, in Graterford, Pennsylvania. For the reasons which follow, it is recommended that the petition be DENIED and DISMISSED.

I.  PROCEDURAL HISTORY

On June 24, 2005, following a jury trial before the Honorable Rose Marie DeFino-Nastasi in the Court of Common Please of Philadelphia County, petitioner was convicted of two counts of corrupt organizations, two counts of delivery of a controlled substance, possession with the intent to deliver, and criminal conspiracy. Petitioner, who fled during trial, was sentenced in absentia to ten to twenty years incarceration with a concurrent term of seven years of probation.

Petitioner was captured on December 12, 2005, after the time for filing a direct appeal had expired.

On March 13, 2006, petitioner filed a petition under the Post Conviction Relief

1

Act (PCRA), 42 Pa.C.S. § 9541, et seq. The PCRA court held a hearing on March 20-21, 2007. On April 12, 2007, the PCRA court dismissed the petition.

On April 16, 2007, petitioner filed a notice of appeal to the Superior Court. On May 1, 2007, petitioner's counsel filed a notice of appeal. The Superior Court dismissed petitioner's initial *pro se* appeal. On May 13, 2009, the Superior Court affirmed the PCRA court's decision and denied petitioner's counseled PCRA appeal.[1] Petitioner filed a request for allowance of appeal to the Pennsylvania Supreme Court, which was denied on February 12, 2010.

On March 30, 2010, petitioner filed the instant petition seeking habeas corpus relief, claiming:

1. Petitioner is entitled to habeas relief in the form of a new trial as a result of trial counsels' ineffective assistance of counsel for failing to properly prepare for trial;

2. Petitioner is entitled to habeas relief and a new trial as a result of trial counsels' ineffective assistance of counsel for failing to subpoena and/or present the testimony of Carmen Burgos;

3. Trial counsels were ineffective for their failure to file a timely appeal raising the sufficiency of the evidence to sustain petitioner's convictions for corrupt organizations, delivery of controlled substance, and criminal conspiracy; and

4. Collateral proceedings counsel was ineffective when he failed to raise the issue of trial counsel's ineffectiveness for failing to file a timely appeal raising the issue of the trial court's denial of petitioner's pretrial motion to suppress physical evidence.

Respondents retort that petitioner is not entitled to federal habeas relief.

---

[1]There were delays due to appointment of counsel, dismissal for failure to file a brief, reinstatement of the appeal, and remand for the filing of a supplemental statement.

Respondents assert that petitioner's claims are without merit. We agree, and hereafter discuss the merits of petitioner's claims. Additionally, this court discusses petitioner's third and fourth claims, in the alternative as be procedurally defaulted, and, likewise subject to dismissal.

II.     STANDARD OF REVIEW

Petitioner's claims are timely, thus reviewed on the merits and subject to the following standard of review.

Under the current version of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), an application for Writ of Habeas Corpus from a state court judgment bears a significant burden. Section 104 of the AEDPA imparts a presumption of correctness to the state court's determination of factual issues - a presumption that petitioner can only rebut by clear and convincing evidence. 28 U.S.C. § 2254(e)(1) (1994). The statute also grants significant deference to legal conclusions announced by the state court as follows:

> An application for a writ of habeas corpus on behalf of a person
> in custody pursuant to the judgement of a State court
> shall not be granted with respect to any claim that was
> adjudicated on the merits in state court proceedings unless
> adjudication of the claim -
>
> (1) resulted in a decision that was contrary to, or involved an
> unreasonable application of, clearly established federal law,
> as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable
> determination of the facts in light of the evidence presented in
> the state court proceeding.

28 U.S.C. § 2254(d).

The United States Supreme Court, in <u>Williams v. Taylor</u>, 529 U.S. 362, 404-05, 120 S. Ct. 1495 (2000), interpreted the standards established by the AEDPA regarding the

deference to be accorded state court legal decisions, and more clearly defined the two-part analysis set forth in the statute. Under the first part of the review, the federal habeas court must determine whether the state court decision was "contrary to" the "clearly established federal law, as determined by the Supreme Court of the United States." As defined by Justice O'Connor, writing for the majority of the Court on this issue, a state court decision can be contrary to Supreme Court precedent in two ways: (1) "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law," or (2) "if the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to that reached by [the Supreme Court]." Id. Justice O'Connor explained, however, that this "contrary to" clause does not encompass the run-of-the-mill state court decisions "applying the correct legal rule from Supreme Court cases to the facts of the prisoner's case." Id. at 406.

To reach such "run-of-the-mill" cases, the Court turned to an interpretation of the "unreasonable application" clause of § 2254(d)(1). It found that a state court decision can involve an unreasonable application of Supreme Court precedent: (1) "if the state court identifies the correct governing legal rule from the Court's cases but unreasonably applies it to the facts of the particular state prisoner's case," or (2) "if the state court either unreasonably extends a legal principle from our precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." Id. at 407-08. The Court specified, however, that under this clause, "a federal habeas court may not issue the writ simply because the court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must

4

also be unreasonable." Id. at 410.

III.     DISCUSSION OF MERITS

Petitioner's claims have been properly exhausted in the state courts and will now be addressed on the merits.

Petitioner's claims are claims of ineffective assistance of counsel.

When reviewing claims of ineffective assistance of counsel, this court must view the totality of the evidence before the trial court and determine whether the petitioner has shown that the decision reached is reasonably likely to have been different, absent the alleged ineffectiveness of counsel. Strickland v. Washington, 466 U.S. 668, 695, 104 S. Ct. 2052, reh'g denied, 467 U.S. 1267, 104 S. Ct. 3562 (1984). The Sixth Amendment to the United States Constitution recognizes the right of every criminal defendant to effective assistance of counsel. U.S. Const., amend. VI. The Supreme Court has set forth a two-prong test - both parts of which must be satisfied - by which claims alleging counsel's ineffectiveness are adjudged. Id. at 668. First, the petitioner must demonstrate that his trial counsel's performance fell below an "objective standard of reasonableness." Id. The Supreme Court has explained that:

> A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstance of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy." Id. at 689 (quoting Michel v. Louisiana, 350 U.S. 91, 76 S. Ct. 158, 163-64 (1995)).

A convicted defendant asserting ineffective assistance must therefore identify the

5

acts or omissions that are alleged not to have been the result of reasoned professional judgment. Id. at 690. Then the reviewing court must determine whether, in light of all the circumstances, the identified acts or omissions were outside "the wide range of professionally competent assistance." Id. Pennsylvania law has recognized that counsel is not ineffective for failing to raise baseless or frivolous issues. Commonwealth v. Wilson, 393 A.2d 1141, 1143 (Pa. 1978).

Second, the petitioner must demonstrate that his counsel's deficient performance prejudiced the defense. Strickland, 466 U.S. at 687. To establish prejudice, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional error, the result of the proceeding would have been different." Id. at 694. A reviewing court need not determine whether counsel's performance was deficient before considering whether the petitioner suffered any prejudice as a result of the alleged deficiency. If it is easier to dispose of an ineffectiveness claim for lack of the requisite prejudice, that course should be followed. Id. at 697.

Petitioner's first claim is that trial counsels were ineffective for failing to properly prepare for trial. Petitioner was represented by Raul Rivera, Esquire, and Timothy Strange, Esquire, at trial. Attorney Rivera represented petitioner at the preliminary hearing stage but petitioner then hired Todd Henry, Esquire. Attorney Henry was unavailable for trial and assigned the case to Attorney Strange from his office. Petitioner was unhappy that Attorney Strange was going to represent him and requested Attorney Rivera re-enter his appearance on the eve of trial. Attorney Rivera took the part of lead counsel at trial with Attorney Strange sitting as co-counsel. Petitioner claims that Attorney Rivera did not have a complete set of discovery. Petitioner further claims that neither Rivera nor Strange did any independent research on the case and never met with petitioner prior to trial and thus were unprepared for trial. The PCRA court reviewed

6

this claim and found it meritless. The PCRA court held an evidentiary hearing and Attorneys Rivera and Strange testified. The PCRA court found that petitioner failed to offer what defense counsel should have used. The PCRA court explained that petitioner did not present any affidavits from witnesses who counsel should have interviewed. The PCRA court found that petitioner failed to present any evidence to show that if counsels had taken a different course of action the outcome of the trial may have been different. The PCRA court found that petitioner offered no proof that he was prejudiced by the actions of trial counsels. Petitioner has again failed to provide the court with any alternative defense or additional evidence that trial counsels should have had. Petitioner just asserts that trial counsels were not prepared. Petitioner has failed to show he was prejudiced by counsels' actions. We cannot find that the requirements for an ineffective assistance of counsel claim have been met. As such, we must dismiss the habeas petition as to this claim.

Petitioner's second claim is that trial counsels were ineffective for failing to subpoena and/or present the testimony of Carmen Burgos. Petitioner asserts that Burgos testified at petitioner's suppression hearing about petitioner's arrest and that counsel should have subpoenaed her to testify at petitioner's trial. The Superior Court reviewed this claim and found it meritless. The Superior Court noted that Burgos was in the courtroom during petitioner's trial and fled within minutes of petitioner's flight from the courtroom. The Superior Court explained that plaintiff is required to prove that a witness was available and willing to testify. The Superior Court found that plaintiff failed to provide an affidavit from Burgos that she was willing to testify on petitioner's behalf. The Superior Court found that petitioner failed to meet his burden to prove ineffective assistance of counsel. Petitioner has not shown that the state court decision

involved an unreasonable application of Supreme Court precedent. *See* Williams, 529 U.S. at 407-08. Therefore, we must dismiss the habeas petition as to this claim.

Petitioner's third claim is that trial counsels were ineffective for their failure to file a timely appeal raising the issue of sufficiency of the evidence. Petitioner's fourth claim is that collateral proceedings counsel was ineffective when he failed to raise the issue of trial counsels' ineffectiveness for failing to file a timely appeal raising the issue of the trial court's denial of petitioner's pretrial motion to suppress physical evidence. Petitioner titled this claim as a collateral appeals counsel ineffective assistance claim but only discusses trial counsels' ineffectiveness for failing to file a direct appeal in the memorandum of law. Petitioner raised both of these claims in state court as ineffectiveness of post-conviction counsel claims. It is unclear to this court if petitioner is now attempting to claim that post-conviction counsel was ineffective or that trial counsels were ineffective. If this court views petitioner's third and fourth claims as post-conviction counsel ineffectiveness claims, then these claims were exhausted in state court. The Superior Court reviewed these claims and found they were meritless. The Superior Court explained that petitioner forfeited his right to a direct appeal by fleeing the country and evading capture until after the time for filing a direct appeal had expired. The Superior Court found counsel could not be ineffective for failing to file an appeal that petitioner had forfeited his right to. Petitioner has not shown that the state court decision involved an unreasonable application of Supreme Court precedent. *See* Williams, 529 U.S. at 407-08. Therefore, we must dismiss the habeas petition as to these claims.

IV. PROCEDURAL DEFAULT (In the Alternative, Claims Three and Four)

Alternatively, if this court views petitioner's third and fourth claims, discussed

above, as claims only of trial counsels' ineffectiveness, then petitioner has failed to raise those claims at any state court level. Petitioner only raised these claims in state court as post-conviction counsel ineffectiveness claims. As such, petitioner's third and fourth claims of trial counsels' ineffectiveness would be procedurally defaulted.

Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. O'Sullivan v. Boerckel, 526 U.S. 838, 842, 119 S. Ct. 1728, 1731 (1999). A petitioner is not deemed to have exhausted the remedies available to him if he has a right under state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254© (1994); Castille v. Peoples, 489 U.S. 346, 350, 109 S. Ct. 1056, 1059, reh'g denied, 490 U.S. 1076, 109 S. Ct. 2091 (1989). In other words, a petitioner must invoke "one complete round of the state's established appellate review process" in order to exhaust his remedies. O'Sullivan, 526 U.S. at 845. A habeas petitioner retains the burden of showing that all of the claims alleged have been "fairly presented" to the state courts, which burden demands, in turn, that the claims brought in federal court be the "substantial equivalent" of those presented to the state courts. Santana v. Fenton, 685 F.2d 71, 73-74 (3rd Cir. 1982), cert. denied, 459 U.S. 1115, 103 S. Ct. 750 (1983). In the case of an unexhausted petition, the federal courts should dismiss without prejudice, otherwise they risk depriving the state courts of the "opportunity to correct their own errors, if any." Toulson v. Beyer, 987 F.2d 984, 989 (3rd Cir. 1993).

However, "[i]f [a] petitioner failed to exhaust state remedies and the court to which petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred... there is procedural default for the purpose of federal habeas..." Coleman v. Thompson, 501 U.S. 722, 735 n.1, 111 S. Ct. 2546,

reh'g denied, 501 U.S. 1277, 112 S. Ct. 27 (1991); McCandless v. Vaughn, 172 F.3d 255, 260 (3rd Cir. 1999). The procedural default barrier precludes federal courts from reviewing a state petitioner's federal claims if the state court decision is based on a violation of state procedural law that is independent of the federal question and adequate to support the judgment. Coleman, 501 U.S. at 729. "In the context of direct review of a state court judgment, [this] doctrine is jurisdictional... [b]ecause this Court has no power to review a state law determination that is sufficient to support the judgment." Id. "In the absence of [the procedural default doctrine] in federal habeas, habeas petitioners would be able to avoid the exhaustion doctrine by defaulting their federal claims in state court." Id., at 732.

In the event a petitioner brings a claim which is procedurally defaulted, he is not entitled to federal habeas review unless he can show that his default should be excused. Such excuse is allowed only where the petitioner can show "cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims would result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 750.

If petitioner's third and fourth claims are viewed only as claims of trial counsels' ineffectiveness, then those claims are procedurally defaulted. Petitioner never raised these claims at any state court level and is precluded from doing so now. Consequently, petitioner's third and fourth claims would be procedurally defaulted and must be dismissed. As such, we must dismiss this habeas petition in its entirety.

Therefore, I make the following:

RECOMMENDATION

AND NOW, this _____ day of June, 2010, IT IS RESPECTFULLY RECOMMENDED that the petition for Writ of Habeas Corpus be DENIED AND DISMISSED.

It is also RECOMMENDED that a certificate of appealability not be granted.

BY THE COURT:

S/ Linda K. Caracappa
LINDA K. CARACAPPA
UNITED STATES MAGISTRATE JUDGE